UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
-----------------------------------------------------------X
James McGown,

                              Plaintiff                               Civil Action No:

                                                        CV-000 XXX

            -against-

                                                         **COMPLAINT**

Spillane, Kane, Barden attorneys d/b/a SKB Law
Attorneys d/b/a Spillane Law Offices,
Judy Bird and David M. Spillane, Esq.
Jane Doe & John Doe

                              Defendants
-----------------------------------------------------------X

1. JAMES MCGOWN, ("Plaintiff"), Pro Se, respectfully alleges the following for his Complaint against the Defendants.

**Preliminary Statement**

2. Plaintiff engaged Defendant David Spillane "Spillane" upon information and belief, a licensed Massachusetts attorney, individually and together with his firm Defendant Spillane, Kane Barden Attorneys d/b/a SKB Law Attorneys, ("Defendant SKB") to represent Plaintiff in the transfer of real property. Instead, Defendants sought to pilfer Plaintiff's business model and connections for personal profit. Defendant Spillane deliberately and willfully and/or negligently, in violation of his legal contractual and fiduciary duty, clouded title on the Plaintiff's real property, a cloud that only Spillane as attorney and title closing agent, could cure.

3. Spillane and SKB, despite having been paid in full for their services, despite not having offered Plaintiff a written retainer agreement and despite having already committed legal malpractice, then demanded a payment of $25,000 to cure the defect he deliberately and/or negligently created. Plaintiff has been damaged by Defendants' actions in an amount not anticipated to be less than $150,000.00.

### Jurisdiction

4. Jurisdiction is invoked pursuant to diversity of citizenship in that Defendants are citizens of Massachusetts while Plaintiff is a citizen of the State of New York.

5. The amount in controversy exceeds $75,000 in that the sale of the property contemplated is in excess of $150,000.

### Parties

6. Plaintiff is a natural person and is a resident of the State of New York. Due to the Covid-19 pandemic, Plaintiff has been kept from his normal residence in Manhattan, New York. The address provided below is that of an attorney who is diligently monitoring mail.

7. Defendant Spillane is the lead attorney whose actions caused the damage complained of herein and is an attorney residing in and licensed in the State of Massachusetts.

8. Defendant SKB, upon information and belief is a professional organization and or partnership of attorneys created under the laws of Massachusetts.

9. Defendant Judy Bird, upon information and belief, is an employee of Defendants SKB and Spillane.

**Factual Background**

10. Plaintiff engaged Defendants as attorneys to close title on a property Plaintiff had contracted to purchase at 142 Centre Street Quincy, MA. ("subject property".

11. Instead of responsibly and diligently representing Plaintiff, Defendants conspired to profit from Plaintiff' access to below market opportunities and targeted Plaintiff to cloud title and profit from collecting additional fees to cure title.

12. Alternatively, Defendants negligently committed malpractice by failing to exercise that standard of due care of a reasonable attorney in accurately preparing a Deed and recording title.

13. Plaintiff, in the context of this litigation, is in the business of identifying distressed properties inherited by multiple heirs. The many heirs often have competing interest and limited stomach to fight for their interest. Plaintiff, as an investor, purchases the fractional interests in real property, and negotiates with the other heirs to either purchase their interests or sell his own acquired interest.

14. Plaintiff has access to a network of persons who identify properties previously owned by deceased parties. Often one of the beneficiaries is interested in selling his or her fractional interest for less than its full market value for immediate cash instead of engaging in litigation with other heirs or dealing with tenant or other liens or title defects.

15. Plaintiff's business model is to purchase these fractional interests subject to their complications and clear title.

16. Plaintiff hired Defendant Spillane in or about early 2018 to conduct the closing of title of 50% interest in 142 Centre Street Quincy MA.

17. Defendant Spillane did not offer or provide a written retainer agreement but charged a excessive fees, both for the closing and then for subsequent work not authorized by Plaintiff.

18. Defendant Spillane appeared intrigued by Plaintiff's business model and the prospect of purchasing assets at a deep discount, and indicated that he too wanted to get into the business of buying undivided fractions of properties at a deep discount.

19. The process of locating assets that are subject to estate law and heirship is complicated. It relies on sophisticated search engine models on the internet and a complex network of persons who can evaluate the value of the asset and negotiate with potential sellers.

20. Defendant Spillane was very interested in Plaintiff's business model and spoke for some time with Plaintiff about how Defendant Spillane *himself* could purchase real property at such a discount. Defendant Spillane also offered to partner with Plaintiff, in violation of his legal and ethical duty not to comingle his pecuniary interests with that of his client. Mr. Spillane offered his legal expertise and access to capital, if necessary in this proposed partnership, while still purportedly acting in a fiduciary capacity as attorney.

21. Defendant Spillane asked Plaintiff to include him in as a business partner in the transaction which is the subject of this case as well as future investment propositions. Plaintiff refused to engage in a business partnership with Defendant Spillane. Plaintiff further advised Spillane that he had hired Defendants solely in their capacity as attorneys to represent his legal interests in the particular transaction which is the subject of this case.

## **PLAINTIFF SEIZES DEFENDANTS TRADE SECRETS AND CONTACTS**

22. Notwithstanding Plaintiff's refusal to include Defendant Spillane, as a business partner, Defendant Spillane then sought to bypass Plaintiff and pursue Plaintiff's contacts from the file on the subject property, without Plaintiff's knowledge and for no purpose which might have been legitimately associated with affecting the transaction which is the subject of this case.

23. Defendant Spillane was hired to close title, not to become a partner or in any way be involved in Plaintiff's business. Mr. Spillane was not authorized to use Plaintiff's file as a rolodex for access to Plaintiff's professional connections.

24. Upon information and belief, Defendant Spillane arranged a meeting with Plaintiff's business contacts to pursue Plaintiff's business model.

25. Upon further information and belief, Mr. Spillane drove to New York specifically for a meeting with Plaintiff's contacts to offer vast liquidity through a trust that Defendant Spillane proposed to form comprised of funds acquired by him for the purpose of securing partial interests in real property.

26. Mr. Spillane sought to bypass Plaintiff as Plaintiff would not include him in Plaintiff's business.

27. Upon further information and belief, Defendant Spillane has since diverted potential business opportunities from Plaintiff for his own profit.

## **PLAINTIFF WILLFULLY AND DELIBERATELY AND/OR NEGLIGENTLY CLOUDS TITLE AND REFUSES TO CORRECT THE ERROR**

28. On Friday, June 28, 2018 at 5:08 p.m. Plaintiff sent an email to Defendant Judy Bird, an employee of Defendants' office advising that title to the subject property would be taken in the name of Prius V Investment Trust, a Minesota LLC and gave the Tax ID of the Trust. A copy of the email is attached to the Complaint as **Exhibit A**

29. Defendant Spillane called Plaintiff the following morning to get copies of the Trust filing documenta. Plaintiff was away from his office but sent photographs to Spillane of the filing documents, by text message. Plaintiff further confirmed to Defendant Spillane that the entity was a Minnesota LLC. Plaintiff authorized Defendant Spillane to file the necessary documents to register the entity in Massachusetts as a foreign entity doing business in Massachusetts if so required to.

30. Instead of taking title in the actual entity, upon information and belief, Spillane willfully and deliberately and/or negligently and in violation of his fiduciary duty and the standard of care required of a reasonably diligent attorney, created a deed to "Prius V Investment Trust LLC, A MA LLC" and caused same to be recorded. A copy of the incorrect deed is attached as **Exhibit B**.

31. No such entity exists and, as such, the nonexistent entity could not take title to the property.

32. Now Plaintiff is unable to sell the property.

33. Plaintiff was told that he did not have to attend the closing, and therefore, did not so attend. Plaintiff was unaware of the mistake. Upon information and belief, the seller did not know of the mistake either. Upon information and belief, there was no title closer from the Title Company as Mr. Spillane also acted on behalf of the Title Company.

34. The error remained un-noticed by Plaintiff or the seller until it was raised by the Title Company when Plaintiff tried to sell the property in early 2020.

**PLAINTIFF SEEKS TO EXTORT MONEY FROM DEFENDANT**

35. Plaintiff, as 50% owner of the subject property, together with his co-owners agreed to sell the property.

36. The contract sale price for the property was in excess of $336,000. A copy of the contract of sale is attached as **Exhibit C**.

37. The other heirs engaged Jonathan Moriarty Esq. to conduct the closing. For the 9 months proceeding July 22, 2020, Mr. Moriarty attempted diligently to correct the defect caused by Defendant Spillane.

38. Attorney Moriarty sought out the original grantor and secured necessary signatures in an attempt to cure the defect.

39. The buyer's Title Insurance Company asked for an affidavit from Defendant Spillane to confirm that the discrepancy between the true entity and the entity referenced on the deed was a mere scrivener's error.

40. Defendant. Spillane indicated that he would not sign the Affidavit unless he was paid an additional $25,000 to help correct the deed that he himself improperly and inaccurately drafted and caused to be recorded.

**First Cause of Action--Fraud**

41. Plaintiff repeats and realleges the allegations in Paragraphs 1-41 as if fully set forth herein.

42. Defendants acting in conjunction, jointly and severally, deliberately and willfully clouded title to the real property to personally profit from withholding taking the necessary steps to cure the defect unless they were paid extra monies.

43. Defendants represented to Plaintiff that they were diligently representing his interests as attorneys and had prepared recorded a true and accurate deed and had closed title so as give Plaintiff an unencumbered interest I the property.

44. Plaintiff relied upon Defendant' representations in failing to take any action at the time to correct the misnomenclature and misdesignation on the Deed that Defendants caused to be prepared and recorded.

45. Plaintiff is damaged by his reliance in that he now has to expend vast sums to have the Deed corrected and has or stand to lose the contract that was entered in to sell the property and the subject property is now effectively unmarketable.

**Second Cause of Action--Extortion**

46. Plaintiff repeats and realleges the allegations in Paragraphs 1-45 as if fully set forth herein.

47. Defendants' joint and several actions in this case were deliberate and intended to create a cloud on title with full knowledge that it would be cheaper for Plaintiff to pay Defendant off rather than seek a remedy at law from a State to which he was a foreigner.

**Third Cause of Action--Conversion**

48. Plaintiff repeats and realleges the allegations in Paragraphs 1-47 as if fully set forth herein.

49. Defendants, after consulting with Plaintiff in the capacity of acting as his attorney, stole trade secrets and contacts from Plaintiff for personal profit.

50. Upon information and belief, Defendants have diverted business opportunities from has profited at Plaintiff's expense by and through Plaintiff's trade secrets.

**Fourth Cause of Action—Legal Malpractice**

51. Plaintiff repeats and realleges the allegations in Paragraphs 1-50 as if fully set forth herein.

52. Defendants were retained as attorneys to diligently represent Plaintiff in in the business transaction

53. Defendants' conduct in falsely misstating on the Deed that the Minnesota LLC was a Massachusetts LLC, and included "LLC" in its legal name, fell below the standard of reasonable care and diligence expected of a reasonably competent attorney.

54. Defendants were fully informed of the correct status and residence of the entity taking title to the building and were provided with the tax and filing documents containing the correct information prior to the closing.

55. Defendants negligently failed and refused to properly designate the LLC on the Deed.

56. Defendants' grossly incompetent approach to the practice of law has resulted in utterly unmarketable title of Defendant's property.  Defendant has been damaged accordingly.

57. Defendant' conduct was the proximate cause and actual cause of Plaintiff's damages.

**Fifth Cause of Action--Abuse of Process**

58. Plaintiff repeats and realleges the allegations in Paragraphs 1-56 as if fully set forth herein.

59. Upon information and belief, notwithstanding the lack of a written retainer Defendant Spillane claims that approximately $10,000.00 more should be paid in legal fees. Upon further information and belief, Mr. Spillane's claim is less than $11,000.00, yet Defendant Spillane demanded $25,000 to settle the action.

**Fifth Cause of Action—Breach of Contract**

60. Plaintiff repeats and realleges the allegations in Paragraphs 1-39 as if fully set forth herein.

61. Defendants advertised themselves and held themselves out to be competent attorneys and experts in their field

62. Defendants did not perform the services that they were hired to do and represented that they were experts in.

63. Plaintiff paid Defendants valuable consideration for their services.

64. Defendants breached their contract in failing to draft and record an accurate Deed and then failing and refusing to correct the Deed.

65. Defendants charged Plaintiff for title insurance which is reflected on the HUD-1 closing statement.

66. Upon information and belief, Defendants took the money charged for title insurance, but never secured a title policy on the property, leaving Plaintiff uninsured.

**Sixth Cause of Action—Breach of Fiduciary Duty**

67. Plaintiff repeats and realleges the allegations in Paragraphs 1-65 as if fully set forth herein.

68. Defendants, as Plaintiff's attorneys, owed Plaintiff a fiduciary duty of care and loyalty

69. Defendants breached their fiduciary duty to the detriment of Plaintiff

WHEREFORE, Plaintiff respectfully requests that he be awarded a judgment on his counter claims as follows:

   a. On the First Cause of Action $175,000

   b. On the Second Cause of Action an amount to be determined by the Court

   c. On the Third Cause of Action, an amount to be determined by the Court.

   d. On the Fourth Cause of Action, $175,000.

   e. On the Fifth Cause of Action an amount to be determined by the Court.

   f. On the Sixth Cause of Action an amount to be determined by the Court.

Plaintiff further prays this Court will award costs and disbursements and that this Court grant such other and further relief that may be just and proper.

James McGown, Pro, Se
C/O Erica Aisner

700 POST ROAD, SUITE 237
SCARSDALE, NEW YORK 10583
(917)653-8288
Jamesmcgown@hotmail.com

To:
Spillane Kane Barden, Attorneys
1140 Washington St.
Hanover, Massachusetts 02339
(781) 829-9993 (Phone)
(617) 293-7468 (Cell)
(781) 829-9924 (Fax)
www.skb-law.com

David M. Spillane
Spillane Kane Barden, Attorneys
1140 Washington St.
Hanover, Massachusetts 02339
(781) 829-9993 (Phone)
(617) 293-7468 (Cell)
(781) 829-9924 (Fax)
dms@skb-law.com

Judy Bird c/o
Spillane Kane Barden, Attorneys
1140 Washington St.
Hanover, Massachusetts 02339
(781) 829-9993 (Phone)
(617) 293-7468 (Cell)
(781) 829-9924 (Fax)